IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>JOHN CARL VON REEDEN SR.,<br><br>    Defendant. | No. 4:18-cr-00200-RGE-HCA<br><br>ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE |

Now before the Court is Defendant Johns Carl Von Reeden Sr.'s Motion for Compassionate Release under 18 U.S.C. § 3582(c)(1)(A). ECF No. 214. Von Reeden also asks the Court to appoint counsel to represent him in this matter. ECF No. 213. The Federal Public Defender declined to appear on Von Reeden's behalf. Notice Nonappearance, ECF No. 215. The Government resists the motion. Gov't's Resp. Def.'s Mot. Compassionate Release, ECF No. 219. Von Reeden has filed a reply supporting his motion. Def.'s Reply Supp. Mot. Compassionate Release, ECF No. 222. After considering the applicable sentencing factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the United States Sentencing Commission, the Court denies Von Reeden's motion.

Under the First Step Act of 2018, prisoners may bring motions for compassionate release "once they have exhausted their administrative remedies." *See United States v. Vangh*, 990 F.3d 1138, 1140 (8th Cir. 2021) (acknowledging amendment to 18 U.S.C. § 3582(c)(1)(A)). "Exhaustion occurs at the earlier of either (1) when the prisoner has 'fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion' on his behalf or (2) 'the lapse of 30 days from the receipt of such a request by the warden of the [prisoner's]

facility.'" *United States v. Houck*, 2 F.4th 1082, 1083 (8th Cir. 2021) (quoting § 3582(c)(1)(A)). Exhaustion under the statute is a "mandatory claim-processing rule, meaning "it must be enforced so long as the opposing party properly raises it." *Id.* at 1084.

A district court may grant a defendant's motion for compassionate release if it finds "extraordinary and compelling reasons" warrant such a sentence reduction and the reduction is consistent with the applicable advisory policy statements issued by the United States Sentencing Commission.[1] 18 U.S.C. § 3582(c)(1)(A)(i). Even if the Court finds the foregoing criteria are met, the Court must still consider the 18 U.S.C. § 3553(a) sentencing factors before granting a reduction. *Id.* § 3582(c)(1)(A).

In making its decision, the Court has reviewed the record relevant to the instant motion and considers the following information.

- Von Reeden pleaded guilty to conspiracy to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), 846. Sent. Hr'g Min. 1, ECF No. 165. With a total offense level of 35 and criminal history category of IV, Von Reeden's advisory sentencing guideline range was 235 to 293 months' imprisonment. *Id.* On September 20, 2019, the Court sentenced Von Reeden to 210 months in prison. *Id.* In fashioning the appropriate sentence, the Court varied below the applicable advisory guideline range due to Von Reeden's age, drug and alcohol dependence, lack of youthful guidance, presentence rehabilitation, and childhood trauma. Sealed J. Crim. Case 10, ECF No. 167. The Court

---

[1] "[T]he policy statement in [United States Sentencing Commission, *Guidelines Manual*,] § 1B1.13 regarding compassionate release has not been amended since the passage of the First Step Act." *United States v. Rodd*, 966 F.3d 740, 746 (8th Cir. 2020). Regardless, the decision to grant compassionate release "still lies within the district court's discretion." *United States v. Vangh*, 990 F.3d 1138, 1140 (8th Cir. 2021). A district court may look to this commentary as relevant but not binding in determining whether health conditions at time of compassionate release request were extraordinary and compelling reasons to warrant a reduction. *United States v. Marcussen*, 15 F.4th 855, 859 (8th Cir. 2021).

- also recommended that Von Reeden be made eligible for the residential drug abuse treatment program provided by the Bureau of Prisons. *Id.* at 2.

- Von Reeden requested compassionate release from the warden at FCI Phoenix on December 2, 2021. Def.'s App. Part 4 Supp. Mot. Compassionate Release 83, ECF No. 214-4 at 17. The request was denied on December 14, 2021. *Id.* at 14. Von Reeden requested compassionate release a second time on January 3, 2022. *Id.* at 13. The warden denied the second request on January 28, 2022. *Id.* at 10. Thus, the Court finds Von Reeden has satisfied the exhaustion requirement of 18 U.S.C. § 3582(c)(1)(A).

- Von Reeden is 57 years old. *See Inmate Locator*, Federal Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited Nov. 18, 2022).

- Von Reeden alleges he suffers from polysubstance use and has a body mass index of 35. ECF No. 222 at 6. He has also been diagnosed with prostate cancer for which he had surgery in the summer of 2022. Gov't's Ex. 1 Supp. Resist. Def.'s Mot. Compassionate Release , ECF No. 219-1 (medical records); *see also* Def.'s Ex. 15, ECF No. 222-1. Individuals with cancer can be more likely to become very sick from COVID-19. *See People with Certain Medical Conditions*, Centers for Disease Control and Prevention, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited Nov. 18, 2022).

- Von Reeden has been infected with COVID-19 on two occasions. ECF No. 222 at 3. He initially declined the vaccine. ECF No. 219-1 at 156. He alleges he later repeatedly requested, but was denied, the vaccine. ECF 222 at 3–4.

- Since his incarceration, Von Reeden has participated in multiple training and educational programs. Def.'s App. Part 3B Supp. Mot. Compassionate Release 68, ECF No. 214-3 at 10.

- The conspiracy of which Von Reeden was convicted involved at least ten pounds of actual methamphetamine and ten pounds of a methamphetamine mixture. Final Presentence Investigation Report ¶ 6(a), ECF No. 149. Von Reeden was responsible for 8,435 grams of actual/ice methamphetamine and 389 grams of methamphetamine mixture. *Id.* ¶ 30. In addition, Von Reeden possessed a dangerous weapon. *Id.* ¶ 39. The combination of a large quantity of illegal drugs and a dangerous weapon demonstrates the serious and dangerous nature of this offense. Further, while on pretrial supervision, Von Reeden incurred violations for alcohol use and also was arrested for violence towards his wife. *Id.* ¶ 8.
- Von Reeden's expected date of release is October 14, 2032. *See Inmate Locator*, Federal Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited Nov. 18, 2022).

On this record, even if Von Reeden's health conditions, either standing alone or when combined with the COVID-19 pandemic, could constitute extraordinary and compelling reasons under 18 U.S.C. § 3582(c)(1)(A)(i), a reduction in sentence is not warranted. The Court is concerned a reduction in sentence would not adequately reflect the seriousness of the offense, promote respect for the law, or protect the public from additional crimes by Von Reeden, and would not allow for continued training, education, or treatment. For these reasons and other sentencing factors under 18 U.S.C. § 3553(a), the Court denies compassionate release.

Finally, Von Reeden alleges Defendants were deliberately indifferent to his serious medical needs regarding treatment of his prostate cancer. ECF No. 214 at 18. Allegations as to his present conditions of confinement are not appropriate considerations for the Court in this compassionate release motion. Rather, any allegations regarding the nature and condition of his incarceration should be filed in an appropriate civil rights complaint in the district where he is confined.

For the foregoing reasons,

**IT IS ORDERED** that Defendant John Carl Von Reeden Sr.'s Motion for Compassionate Release, ECF No. 214, is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant John Carl Von Reeden Sr.'s request for counsel, ECF No. 213, is **DENIED**. Von Reeden has sufficiently argued the purpose and basis of his motion, and no further proceedings are required.

**IT IS SO ORDERED**.

Dated this 23rd day of November, 2022.

REBECCA GOODGAME EBINGER
UNITED STATES DISTRICT JUDGE